

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATINA DAFNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>          Defendant. | Case No. CV 07-7350-OP<br><br>MEMORANDUM OPINION AND<br>ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 22, 23.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence; and
2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.

(JS at 2-3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /

# I.
# DISCUSSION

A. **The ALJ Properly Relied on Substantial Evidence to Assess Plaintiff's Residual Functional Capacity.**

  1. **The ALJ Properly Considered the Treating Physician's Opinions.**

Plaintiff contends that the ALJ failed to properly consider the medical opinions of her treating psychiatrist, Edward Cavanaugh, M.D., of the Long Beach Mental Health Center. (JS at 3, 4.) Dr. Cavanaugh diagnosed Plaintiff with major depression, antisocial disorder, and mood swings. (AR at 211.) Dr. Cavanaugh treated Plaintiff for eight months from May 2006 to January 2007 and concluded that her most frequent/severe symptoms were major depression, irritability, mood swings, and poor judgment. (Id. at 196, 198-01, 205-08, 213.) In a letter dated September 13, 2006, Dr. Cavanaugh stated Plaintiff is "psychiatrically disabled and unable to work for twelve months." (Id. at 203.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating

physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The same standards apply to examining physicians. See, e.g., Lester, 81 F.3d at 830-31.

In this case, the ALJ based his decision on the May 10, 2005, report of Nathan Lavid, M.D., who performed a psychiatric evaluation of Plaintiff and opined that Plaintiff was capable of performing simple, repetitive tasks. (AR at 176, 203.) Dr. Lavid's report constitutes substantial evidence because it is based on his examination of Plaintiff. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (opinion of a nontreating source based on independent clinical findings may itself be substantial evidence). A conflict between the treating physician's opinion and the nontreating source's opinion based on clinical findings is for the ALJ to resolve. Id. Because the medical opinions differed, the ALJ was obligated to provide specific and legitimate reasons to reject Dr. Cavanaugh's opinion.

The ALJ rejected Dr. Cavanaugh's opinion explicitly stating that Dr. Cavanaugh's assessment of Plaintiff was not supported by the longitudinal treatment records. (AR at 22.) The ALJ need not accept the opinion of the treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings. Thomas, 278 F.3d at 957. The ALJ found that the February 1, 2007, Psychiatric/Psychological Impairment Questionnaire ("Questionnaire") of Dr. Cavanaugh was conclusory and based on Plaintiff's subjective complaints without independent judgment or testing. (AR at 22; 211-18.) The Questionnaire endorsed a significantly broader and more severe diagnosis than Plaintiff's treatment records indicated. (See id. at 196, 198-01, 205-08.) Dr. Cavanaugh checked off seventeen different positive clinical findings that Plaintiff suffers in

4

his assessment yet failed to support his findings with any laboratory or diagnostic test results. (Id. at 212.) Findings such as "illogical thinking or loosening of associations" are not supported by the record. Moreover, Dr. Cavanaugh's treatment records provide single word statements of symptoms and diagnoses that the ALJ reasonably evaluated as brief and conclusory. As a whole, the ALJ reasonably concluded that Dr. Cavanaugh's opinion is brief, conclusory and inadequately supported by clinical findings.

Further, in discrediting Dr. Cavanaugh, the ALJ recognized the disparity between Plaintiff's positive treatment progress as indicated in the medical records, including abstaining from medication, and Dr. Cavanaugh's markedly unfavorable assessment in the Questionnaire. In Plaintiff's final visit on September 2006, Dr. Cavanaugh recognized Plaintiff's "good" response to medications yet opined months later that Plaintiff could not work for one year despite her demonstrated ability to: care for her four children (ranging from ten months to fourteen years old); perform household chores including cooking, cleaning, and washing laundry; and managing her family's finances. (Id. at 23, 39, 198, 203.)

Plaintiff points to the opinion of Plaintiff's social worker, Diana Griggs, LCSW, as support for Dr. Cavanaugh's opinion. In her March, 21, 2005, Mental Disorder Questionnaire Form, Ms. Griggs reported that Plaintiff had chronic problems with perception, concentration, and judgment, and stated that her depression can adversely affect her ability to complete tasks and daily functioning. (Id. at 166.) However, the ALJ discredited Ms. Griggs' opinion because it was not supported by a mental status examination, psychological testing, or clinical records. (Id. at 21.) Further, the opinions of social workers are not entitled to the same weight given to treating physicians or treating psychologists. See 20 C.F.R. § 404.1513(a); 20 C.F.R. § 404.1513(d). The ALJ is not required to consider the opinion of Plaintiff's social worker. See C.F.R. §

1  404.1513(d) (providing that social worker may be an additional source for
2  evidence); see also Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1039 (9th
3  Cir. 2003). Thus, the ALJ provided sufficient reason to justify discounting Ms.
4  Griggs' opinion. (AR at 21.)
5      Finally, Plaintiff contends that the ALJ failed to meet his duty to develop
6  the record because he could have, but failed to, contact Dr. Cavanaugh to seek
7  clarification regarding Plaintiff's medical record.
8      The ALJ has an independent duty to fully and fairly develop a record in
9  order to make a fair determination as to disability, even where the claimant is
10 represented by counsel. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir.
11 2003); see also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing
12 Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)); see also Crane v. Shalala,
13 76 F.3d 251, 255 (9th Cir. 1996) (citing Brown v. Heckler, 713 F.2d 441, 443
14 (9th Cir. 1983)). The duty is heightened when the Plaintiff is mentally ill and,
15 thus, unable to protect her own interests. Tonapetyan, 242 F.3d at 1150 (citing
16 Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992)). Ambiguous evidence, or
17 the ALJ's own finding that the record is inadequate to allow for proper evaluation
18 of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." See
19 id. (citing Smolen, 80 F.3d at 1288). However, it is the plaintiff's burden to
20 prove disability. Baylis v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The
21 claimant bears the burden of proving that she is disabled") (quoting Meanel v.
22 Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999)).
23     Here, the ALJ did not make a finding that Dr. Cavanaugh's opinions were
24 ambiguous or inadequate to make a determination regarding Plaintiff's disability.
25 Instead, the ALJ simply disagreed with Dr. Cavanaugh's finding. Accordingly,
26 the ALJ had no duty to further develop the record.
27     Based on the foregoing, the Court finds the ALJ's reasons for discounting
28 the opinions expressed by Dr. Cavanaugh to be specific and legitimate and his

decision to be based on the substantial evidence of record. Thus, there was no error.

**B.     The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to properly consider Plaintiff's subjective complaints. (JS at 10.) The ALJ found that Plaintiff had the medically determinable severe impairment of depressive disorder, NOS (not otherwise specified). (AR at 19.) However, the ALJ also found that Plaintiff had the residual functional capacity to perform unskilled work at all exertional levels. (Id. at 20, 22.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. § 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of

7

subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

Here, the ALJ found that Plaintiff's statements concerning her subjective complaints and alleged limitations were not consistent with her treatment and daily activities. (AR at 23.) The ALJ also discredited Plaintiff's statements regarding her history of drug use and found that Plaintiff was not compliant with her medications. (Id.) A plaintiff's refusal of a recommended course of treatment, or her failure to take a prescribed medication that would alleviate the alleged disabling symptoms, supports a finding that Plaintiff is not credible. See, e.g., 20 C.F.R. § 404.1530(a); 20 C.F.R. § 416.930(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.")

The ALJ also discredited Plaintiff's credibility regarding her back pain. Plaintiff claimed to suffer from severe back pain but only used Tylenol and Ibuprofen to treat it because better care is prohibitively expensive. (AR at 23, 148.) Plaintiff was receiving psychiatric treatment at a county operated, low-cost facility that accommodates indigent and low income individuals. (Id.) The ALJ reasoned that the county hospital would have likely accommodated Plaintiff, allowing her to receive the more aggressive treatment for her back if the pain was as severe as claimed. (Id.) Conservative or infrequent treatment may be used by the ALJ to refute allegations of disabling pain. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ also questioned Plaintiff's credibility after considering her daily activities. Plaintiff cares for her four children ranging from ten months to fourteen years old, performs household chores including cooking, cleaning the house, and washing laundry, and manages her family's finances. (AR at 23, 39.) Moreover, Plaintiff worked after the alleged onset date, indicating that she is capable of handling the rigors of work in addition to the rigors of home-life with her alleged disability. (Id. at 23.) Plaintiff manages her family without outside help. (Id. at 39.) Plaintiff's eldest son assists with the baby, helps around the house, and helps cook. (Id.) However, for the majority of the day, Plaintiff is required to perform household tasks alone. A plaintiff's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegations of disabling pain or other subjective symptoms not credible. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may be reason to discredit excess pain allegation if Plaintiff is able to spend a substantial part of the day performing activities that are transferable to a work setting).

The ALJ also found Plaintiff less credible because Plaintiff lied concerning her history of drug use. An ALJ may consider ordinary techniques of credibility evaluation to determine whether Plaintiff's testimony regarding the severity of her symptoms is credible, such as the Plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Plaintiff that appears less than candid. Smolen, 80 F.3d at 1284; see also Thomas, 278 F.3d at 958-59. Plaintiff testified at the hearing that she had never used any illicit drugs. (AR at 250.) However, the medical record indicates that Plaintiff had used cocaine, marijuana, ecstasy, and PCP in the past. (Id. at 160.) Plaintiff's lack of candor to the court despite being sworn to tell the truth supports an unfavorable credibility finding.

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the

Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## IV.

## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: May 13, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge